IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS, | ) ) ) | |
| Plaintiffs, | ) | |
| *vs.* | ) ) | No. 18 C 1737 |
| NEW FRONTIER ELECTRICAL CONSTRUCTION, INC., an Illinois Corporation | ) ) ) | Judge Magistrate |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs, by their attorneys, ARNOLD AND KADJAN, LLP, DONALD D. SCHWARTZ and PAUL M. EGAN, complain against Defendant, NEW FRONTIER ELECTRICAL CONSTRUCTION, INC. ("NEW FRONTIER") as follows:

1. (a) Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. §185(a), as hereinafter more fully appears.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), as hereinafter more fully appears.

2. (a) The Plaintiffs are the TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS.

   (b) The Pension Fund, Welfare Fund and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National

Labor Relations Act, as amended, and other applicable state and federal laws. The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

    3.    (a)    Defendant, **NEW FRONTIER**, resides within this jurisdictional district.

        (b)    Defendant, **NEW FRONTIER**, is an employer engaged in an industry affecting commerce.

        (c)    Defendant, **NEW FRONTIER**, has its principal place of business located at 1107 Garvin Street, Joliet, IL 60432.

    4.    Since on or about January 14, 2010, Defendant, **NEW FRONTIER,** executed a LETTER OF ASSENT, a copy of which is attached hereto, which authorized the Will County Division, Illinois Chapter of the National Electrical Contractors Association, Inc. (hereafter "NECA") as **NEW FRONTIER**'s collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

    5.    Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant, **NEW FRONTIER.**

    6.    By virtue of certain provisions contained in the collective bargaining agreements and Declarations of Trust, Defendant has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when

given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the Declarations of Trust to which Defendant has assented.

7. In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees.

8. Independent of said Declarations of Trust to which Defendant has assented, Defendant is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C.§1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

9. Since on or about January 14, 2010, Defendant, **NEW FRONTIER**, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

10. Plaintiffs are advised and believe that since on or about June 1, 2016, Defendant **NEW FRONTIER,** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

11. Plaintiffs have performed an audit on the books and records of Defendant, **NEW FRONTIER** for the period from June 1, 2016 through December 31, 2017, which disclosed a delinquency of $762,397.86.

12. By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in an amount yet to be determined.

WHEREFORE, Plaintiffs pray:

A. That judgment be entered for Plaintiffs and against Defendant, **NEW FRONTIER**, in the amount of $762,397.86 plus the amount shown to be due under the audit update pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

B. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3) Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4) Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5) Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

C. That pending final determination of this cause, Defendant, **NEW FRONTIER**, be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant, **NEW FRONTIER**, be permanently so enjoined.

D. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

        Respectfully submitted,

        TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS


        By: s/ Paul M. Egan
            One of their Attorneys

Paul M. Egan
Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415